(4:12cv0186)

PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAVIER CASTILLO-DeLEON, ) | |
| ) | CASE NO. 4:12cv0186 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| DIRECTOR OF THE FEDERAL BUREAU ) | |
| OF PRISONS, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Respondent. ) | **AND ORDER** |

Before the Court is *pro se* Petitioner Javier Castillo-DeLeon's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton"), names the Director of the Federal Bureau of Prisons-Central Office as Respondent. ECF No. 1. He seeks an additional 6 months and 15 days federal sentence credit pursuant to 18 U.S.C. § 3585, an adjustment of his sentence commencement date to January 2, 2009 and a *nunc pro tunc* designation that his federal sentence was partially served in a county jail. ECF No. 1 at 6. For the reasons below, the Court dismisses Petitioner's sentence commencement claim and his request for *nunc pro tunc* designation and orders Respondent to show cause why the Petition should not be granted as to Petitioner's request for an additional 6 months and 15 days credit.

(4:12cv0186)

# I. Background

## A. Procedural History

Petitioner was arrested for various felony narcotics offenses by the Forsyth County Sheriff in North Carolina on January 2, 2009. The arrest triggered a subsequent determination that Petitioner was in violation of a term of his State probation. On March 9, 2009, the State ordered him to serve a 45 day sentence for violating probation.

On August 31, 2009, Petitioner was indicted on 7 counts in the United States District Court for the Middle District of North Carolina. *See United States v. Castillo-DeLeon*, No. 1:09cr0291 (M.D. NC 2009). Petitioner later pleaded guilty to one count of distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Judge Thomas D. Schroeder imposed a sentence of 135 months in prison on August 31, 2010.

In May 2011, Petitioner received a copy of his Sentencing Computation Data Sheet. The sheet indicated he was scheduled for release from prison on December 6, 2019. Petitioner thought his release date would be sooner because he believed he was entitled to credit for time he was held in county jail. On or about May 16, 2011, he filed a Request for Administrative Remedy at F.C.I. Elkton. Petitioner sought a "*nunc pro tunc* designation of prior jail time credit under *Barden v. Keohane*" asking the BOP to recalculate his release date. ECF No. 1-3 at 11. F.C.I. Elkton staff referred the request to the Designation and Sentence Computation Center (DSCC).

Warden Farley denied Petitioner's request in a letter dated June 21, 2011. ECF No. 1-3 at 9. He explained that Petitioner already received a sentence credit from January 2, 2009 to March

(4:12cv0186)

9, 2009, as well as from April 23, 2009 until August 30, 2009.[1] The warden noted that Petitioner was not entitled to credit from March 9, 2009 until April 22, 2009 because he was serving the 45 day probation violation sentence imposed under *State v. Deleon,* No. 06cr6806 (Forsyth Cty. Dist. Ct.). The warden also clarified that Petitioner's federal sentence could not commence until August 31, 2010, the date on which Judge Schroeder imposed his 135 month sentence.

On appeal to Regional Director J. L. Norwood, Petitioner still sought federal sentence credit from March 9, 2009 until April 22, 2009. Additionally, he requested the BOP to change the commencement date of his federal sentence from August 31, 2010 to January 2, 2009. Mr. Norwood denied this request on August 12, 2011, explaining that Petitioner was not entitled to additional credit for the 45 days he was serving his state probation violation sentence because 18 U.S.C. § 3585 prohibits the award of double credit. Therefore, Petitioner's federal sentence was credited from January 2, 2009 until August 30, 2010, minus the 45 days he was serving his probation violation sentence. *See* ECF No. 1-3 at 6. Petitioner's commencement date could not be adjusted, however, because 18 U.S.C. § 3585(a) prohibits a federal sentence from commencing before the date it is imposed.

Finally, Petitioner appealed to National Inmate Appeals Administrator Harrell Watts. On October 5, 2011, Mr. Watts partially approved the request. He determined there was, in fact, an error in the BOP's calculation of Petitioner's federal sentence. Notably, the BOP had not acknowledged that Petitioner was credited 45 days, from January 2, 2009 until February 15,

---

[1] It appears the reference to August 30, *2009* is a typographical error. Both the Regional Director and Appeals Administrator later advised Petitioner that he was entitled to receive a credit through August 30, *2010*.

(4:12cv0186)

2009, by the State for serving his probation violation sentence. As a result, Mr. Watts determined that Petitioner was entitled to § 3585 credit from February 16, 2009 until August 30, 2010. He awarded Petitioner 365 days of credit against his federal sentence. Accordingly, Petitioner's scheduled release date was adjusted from December 6, 2019 to December 6, 2018.

## II. Analysis

Petitioner now challenges his revised release date of December 6, 2018. He believes the BOP erred when it declared he was entitled to credit from February 16, 2009 until August 30, 2010, but only reduced his federal sentence by 365 days. Moreover, he still asserts his sentence commencement date should be January 2, 2009, because that was the date he was taken into official custody. Regardless of whether he was serving or credited with serving his parole violation sentence, Petitioner asserts the reason for his detention was related to his federal offense. Further, he alludes to an entitlement of a *nunc pro tunc* designation for partial service of his federal sentence. For the reasons set forth below, the Petition is granted in part and denied in part.

## III. Standard of Review

This matter is before the Court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at *1 (6th Cir. Oct. 22, 2002). A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied,* 400

(4:12cv0186)

U.S. 906 (1970) (citations omitted).

## IV. 28 U.S.C. § 2241

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is appropriate when a petitioner claims he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas relief is not solely restricted to requests for immediate release, but extends to claims that a prisoner was unconstitutionally deprived of credits to his federal sentence. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973) ("Even if the restoration of [sentence] . . . credits would not have resulted in . . . immediate release, but only in shortening the length of . . . actual confinement in prison, habeas corpus would have been . . . appropriate remedy.") Therefore, habeas corpus is Petitioner's exclusive mode of relief because his circumstances fall "squarely within [the] traditional scope of habeas corpus."[2] *Id.*

## V. Jail Time Credit

After a federal offender is sentenced by the district court, it is the Attorney General who is responsible for administering that sentence through the BOP. *See* 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). To satisfy its duty, the BOP must know how much of the sentence the offender has left to serve. The length of a prisoner's

---

[2] Although Petitioner does not name his custodian as Respondent, this court must direct the writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243; *see Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Because this Court has personal jurisdiction over Petitioner's custodian, the warden at F.C.I. Elkton, the matter is properly before the Court. *See* 28 U.S.C. § 2242.

5

(4:12cv0186)

sentence may be adjusted by his or her right to jail-time credit under 18 U.S.C. § 3585(b).

Section 3585 provides, in relevant part:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).

Petitioner argues he is entitled to § 3585 credit for the period that the State also credited to service of his probation violation sentence. Because the statute only permits the application of credit that has not been applied to another sentence, Petitioner is not entitled to credit against both his state and federal sentences.

**VI. Sentence Commencement**

Petitioner has requested that the BOP change his sentence commencement date from August 31, 2010 to January 2, 2009. The BOP has correctly denied his request based on statutory authority.

Title 18 of United States Code Section 3585 explicitly states: "A sentence to a term of imprisonment commences on the date the *defendant is received in custody awaiting transportation* to, or arrives voluntarily to commence service of sentence at, *the official detention facility at which the sentence is to be served.*" 18 U.S.C. §3585(a) (emphasis added). Petitioner was not in detention awaiting transportation to a federal facility to serve his federal sentence on

6

(4:12cv0186)

January 2, 2009. No federal sentence existed on January 2, 2009. The fact that the BOP provided § 3585 credit against Petitioner's federal sentence during that time has no bearing on the date his sentence commenced. In fact, § 3585 explicitly limits credit to the time period "*prior to* the date the sentence commences . . . ." 18 U.S.C. § 3585(b) (emphasis added). Therefore, while Petitioner may have been entitled to receive credit against his federal sentence while he was in county jail, that federal sentence could not commence before it was imposed on August 31, 2010.

Petitioner also suggests his term of imprisonment should be adjusted based on a *nunc pro tunc* designation pursuant to Barden v. Keohane 921 F.2d 476 (3rd Cir. 1990). Under *Barden*, the Third Circuit Court of Appeals held, in part, that the BOP had discretion to designate the service of a federal prisoner's sentence at a state facility when (a) the federal sentence was imposed before the state sentence and (2) the state judge clearly intended the sentences to be served concurrently.

Without question, Petitioner's federal sentence was not imposed before his state sentence. Further, even if the state court ordered Petitioner to serve his state sentence concurrently with a future federal sentence, a federal court is not bound by a state sentence directed to run concurrently with a yet to be imposed federal sentence. *See* Hawley v. United States, 898 F.2d 1513, 1514 (11th Cir.1990) (per curiam). Where, as here, Judge Schroeder did not specify that Petitioner's state and federal sentences were to run concurrently, the Sixth Circuit has held that a federal sentence runs consecutively to any other undischarged prison term. *See* United States v. Quintero, 157 F.3d 1038, 1040 (6th Cir. 1998) ("multiple terms of imprisonment imposed at

7

(4:12cv0186)

different times run consecutively unless the court orders that the terms are to run concurrently."). There is no basis in law to find that the BOP improperly failed to designate *nunc pro tunc* the Forsyth County jail as the location where Petitioner served part of his federal sentence.

### VII. Computation of Credit

Liberally construed, Petitioner's allegation that he is entitled to an additional 6 months, 15 days, or 562 days, credit versus the 365 days applied by the BOP is sufficient to require a response. The Court orders Respondent to show cause why the instant Petition should not be granted as to this remaining claim.

### VIII. Conclusion

Petitioner's requests for double sentence credit under 18 U.S.C. § 3585, to change his sentence commencement date and to seek a *nunc pro tunc* designation in the instant Petition are DISMISSED without leave to amend.

This Court has examined Petitioner's claim regarding the number of days for which he seeks credit pursuant to 18 U.S.C. § 3585 and cannot determine from the face of the Petition that he is not entitled to the relief requested. Accordingly, Respondent shall make a return within twenty (20) days of the date of this order:

    1. Certifying the true cause of Petitioner's detention;

    2. Giving the names of other courts in which Petitioner has sought release together with any citations to such prior court action in this case;

    3. Showing cause–supported by a detailed answer to Petitioner's allegations, and by records, complete transcripts, affidavits and other documentary evidence-why a Writ of

8

(4:12cv0186)

Habeas corpus should not issue.

     Upon return, a date shall be set for a hearing pursuant to 28 U.S.C. § 2243. Petitioner's Motion to Proceed *In Forma Pauperis* is granted. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[3]


     IT IS SO ORDERED.


|    September 24, 2012    | *s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |

---

    [3] 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."

9