(4:12cv00186)

PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JAVIER CASTILLO-DeLEON, | ) | |
| | ) | CASE NO. 4:12CV00186 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| DIRECTOR OF THE FEDERAL BUREAU OF PRISONS, | ) ) | |
| | ) | |
| Respondent. | ) | **ORDER** |

Before the Court is *pro se* Petitioner Javier Castillo-DeLeon's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. ECF No. 1. The Court initially reviewed the matter and dismissed the Petition, in part, vis-a-vis a Memorandum of Opinion and Order[1] filed on September 24, 2012. ECF No. 4. Specifically, the Court rejected Castillo-DeLeon's claims that: (1) he is entitled to 18 U.S.C. § 3585 credit for the period in which he was also credited for the service of his state probation violation sentence (ECF No. 4 at 5-6); (2) his sentence commencement date should be January 2, 2009, the date he was taken into official custody, instead of August 31, 2010, the date he was sentenced (ECF No. 4 at 6-7); and (3) he is entitled to a *nunc pro tunc* designation for partial service of his federal sentence. ECF No. 4 at 7-8. With respect to Castillo-DeLeon's remaining claim, namely, that he was improperly awarded only 365 days of jail-time credit even though National Inmate Appeals Administrator Harrell Watts had determined he was entitled to § 3585 credit for the period from February 16, 2009, to August 30,

---

[1] The September 24, 2012 Memorandum of Opinion and Order contains a recitation of the relevant procedural facts at ECF No. 4 at 2-4.

(4:12cv00186)

2010 (ECF No. 4 at 4), the Court ordered Respondent to show cause why a Writ of Habeas Corpus should not consequently issue. ECF No. 4 at 8-9.

On October 29, 2012, Respondent filed a Response together with the declaration of Dennis Melick, a management analyst at the Designation and Sentence Computation Center located in Grand Prairie, Texas. ECF Nos. 9 and 9-1. Respondent acknowledged that it had made an error in the computation of Castillo-DeLeon's jail-time credit. Respondent stated that Appeals Administrator Watts indeed had determined that Castillo-DeLeon was entitled to credit from February 16, 2009, to August 30, 2010, and, therefore, Watts and the Bureau of Prisons (BOP) incorrectly indicated that Castillo-DeLeon was entitled to only 365 days of credit. ECF No. 9 at 6. Consequently, Respondent takes the position that the Petition should be granted, in part, to allow Castillo-DeLeon to receive 561 days of jail-time credit. ECF No. 9 at 6.

Based on the foregoing, the Petition for Writ of Habeas Corpus is GRANTED IN PART, to the extent that Castillo-DeLeon shall be entitled to 561 days of jail-time credit. As set forth in the Court's September 24, 2012 Memorandum of Opinion and Order, the Petition for Writ of Habeas Corpus is otherwise DISMISSED. A hearing on the matter is not necessary.

    IT IS SO ORDERED.

| | |
|---|---|
|  October 30, 2012 |     */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |